UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANN P., | Case No. 6:17-CV-00480-AC |
| Plaintiff, | ORDER ON EAJA FEES |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

Plaintiff Ann P.[1] prevailed in her challenge to the decision of the Commissioner of Social Security ("Commissioner") regarding her disability claim. She now moves for an award of attorney fees in the amount of $15,135.45 under the Equal Access to Justice Act 28 U.S.C. § 2412 (the "EAJA"). The Commissioner opposes Plaintiff's request for fees because its position was substantially justified. Alternatively, the Commissioner seeks a reduction in the award of attorney fees because Plaintiff's request is unreasonable. The court concludes that the

---

[1] In the interest of privacy, this order uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – ORDER ON EAJA FEES

Commissioner's position was not substantially justified and that a reduction of the amount of fees is appropriate. Accordingly, Plaintiff's Application for Fees Pursuant to EAJA is GRANTED in part and DENIED in part.

*Background*

On August 8, 2012, Plaintiff filed her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSIB") alleging disability beginning January 1, 1996. (Op. & Order 2, ECF No. 20) ("Order"). The Commissioner denied her application initially and on reconsideration. (Order 2.) On May 7, 2015, an Administrative Law Judge ("ALJ") issued an unfavorable decision and found Plaintiff was not entitled to DIB or SSIB. (Order 2.) Plaintiff requested review and submitted new evidence to the Appeals Council, including an opinion from Cynthia Clark, a Qualified Medical Health Professional ("Clark"). (Order 2.) Clark rendered her opinion after treating Plaintiff for more than one year and opined that Plaintiff suffered from depressive states lasting three-to-four months and causing her to miss more than five days of work each month. (Order 15.) The Appeals Council included Clark's newly submitted opinion in the administrative record and denied Plaintiff's request for review. (Order 2.)

On March 27, 2017, Plaintiff filed a complaint in this court seeking review of the Commissioner's SSIB decision only. (Compl., ECF No. 1.) She alleged three errors: (1) the Commissioner failed to adequately address her subjective symptom testimony; (2) the Commissioner improperly rejected the medical opinion of Dr. William Trueblood, Ph.D; and (3) in light of Clark's opinion, substantial evidence did not support the ALJ's decision. (Order 6.)

This court issued an Opinion and Order reversing and remanding the Commissioner's decision. The court found the ALJ did not err in discrediting Plaintiff's subjective testimony and

did not err in rejecting Dr. William Trueblood's medical opinion. (Order 7, 14.) However, the court concluded that in light of the new probative evidence Clark submitted to the Appeals Council, substantial evidence did not support the ALJ's decision; and, the court reversed and remanded for further proceedings. (Order 17.)

On August 30, 2018, Plaintiff filed a motion requesting $15,135.45 in attorney fees under the EAJA. (Appl. Fees EAJA, ECF No. 27.) In response, the Commissioner argues its position was substantially justified. (Resp. Mot. Att'y Fees 1, EFC No. 30) ("Resp."). Alternatively, the Commissioner contends that Plaintiff's application for fees is unreasonable and suggests a reasonable fee amount is $10,890.00. *Id.* In her reply, Plaintiff maintains the Commissioner's position is not substantially justified but agrees that a reasonable amount of fees is $10,890.00. (Pl.'s Reply 9, EFC No. 34.)

*Discussion*

Under the EAJA, a prevailing party other than the United States is entitled to attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A prevailing party is awarded attorney fees if they "received an enforceable judgment on the merits or a court-ordered consent decree," *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (internal citation omitted), and "seek an award of [attorney] fees . . . within thirty days of final judgment." 28 U.S.C. § 2412(B). Plaintiff is the prevailing party and eligible for an award of reasonable attorney fees because she received a remand in her favor and timely applied for an award of attorney fees under the EAJA. *Decker v. Berryhill*, 856 F.3d 659, 661 (9th Cir. 2017).

A prevailing party is entitled to an award of attorney fees under the EAJA if the United States' or government's position is not "substantially justified." *Li v. Keisler*, 505 F.3d 913, 918

(9th Cir. 2007). A position is substantially justified if it has a "reasonable basis both in law and fact," and justified to a degree to satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 522, 563, 565 (1998); *accord Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government has the burden to show its position is substantially justified. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

When evaluating whether the government's position is substantially justified, the court evaluates the government's position and the underlying agency's position "as a whole and not at each stage." *Ibrahim v. U.S. Dep't of Homeland Sec.*, No. 14-16161, 2019 WL 73988, at *13 (9th Cir. Jan 2, 2019). In the social security context, the ALJ's decision is treated as an agency position. *Meier*, 727 F.3d at 870. Therefore, the ALJ's decision and government's litigation position in defense of that decision are treated as "an inclusive whole, rather than as atomized line-items" when evaluating whether the government lacked substantial justification. *Ibrahim*, 2019 WL 73988, at *16.

I. The Government's Position was Not Substantially Justified

The Commissioner argues its position was substantially justified because the ALJ did not have the benefit of reviewing evidence submitted to the Appeals Council for the first time, and therefore, neither the ALJ nor the Commissioner erred. (Resp. 5.) The Commissioner argues this court affirmed the ALJ's original decision and remanded only because new evidence given to the Appeals Council deprived the ALJ's decision of substantial evidence. (Resp. 4–5.) The Commissioner contends that in doing so, the court acknowledged that the ALJ did not err and therefore, its position was substantially justified. (Resp. 5.) The court disagrees.

*Gardner v. Berryhill* is instructive. 856 F.3d 652, 656 (9th Cir. 2017). In *Gardner*, the ALJ determined the claimant was not disabled. *Id.* at 645–55. There, the record contained an

"interim" medical opinion from the claimant's treating physician that the ALJ gave "little weight" in its determination. *Id.* at 655. At the Appeals Council, the claimant's treating physician submitted a "final" medical opinion indicating the claimant suffered severe limitations. *Id.* at 655. The Appeals Council included the final medical opinion in the administrative record but denied review. *Id.* On appeal, the district court concluded that in light of the new evidence the ALJ's decision could not be affirmed and remanded the case for the ALJ to consider the new final opinion. *Id.* The Commissioner did not appeal the decision and the claimant moved for an award of attorney fees under the EAJA. *Id.* at 656. The *Gardner* court concluded that the Commissioner's position was not substantially justified because "it should have been plain that the [ALJ's decision] could not have been affirmed" in light of the new evidence. *Id.* at 657. Therefore, the claimant was entitled to an award of fees under the EAJA. *Id.* at 658.

As in *Gardner*, the ALJ in this case determined Plaintiff was not disabled, and she appealed to the Appeals Council. (Order 2.) Plaintiff then submitted Clark's medical opinion to the Appeals Council, and the Appeals Council added it to the administrative record but denied review. (Order 2, 15.) The ALJ did not have an opportunity to review Clark's newly submitted treatment notes. (Order 15–16.)

Like *Gardner*, this court reversed and remanded to the ALJ for further proceedings to consider the new probative evidence. (Order 16.) Further proceedings were required because in light of the new evidence, the ALJ's decision was not supported by substantial evidence. (Order 17.) Thus, as in *Gardner*, here it "should have been plain" that the ALJ's decision could not be affirmed; therefore, the Commissioner's position opposing remand was not substantially justified. *Gardner*, 856 F.3d at 657. Accordingly, Plaintiff is entitled to a reasonable award of attorney fees under the EAJA.

PAGE 5 – ORDER ON EAJA FEES

II.  Plaintiff's Claimed Hours and Fees Are Unreasonable

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "[E]xcessive, redundant or otherwise unnecessary" hours expended are not compensable. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), *accord Guillen v. Colvin*, No. CV 13-8170 RNB, 2014 WL 7185330, at *3 (C.D. Cal. Dec. 15, 2014). The party seeking fees bears the burden to establish reasonableness, and the district court may reduce the award when fees are not reasonable. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reference citation omitted). Assessing whether an attorney has spent a reasonable amount of time on a case "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Young v. Comm'r Soc. Sec. Admin.*, No. 1:15-cv-01688-MA, 2017 WL 740992 at *2 (D. Or. Feb. 24, 2017).

Plaintiff seeks a total of $15,135.45 in attorneys' fees at $196.79 per hour for 33.55 hours expended in 2017, and $200.78 per hour for 42.50 hours extended in 2018. (Tim Wilborn, Pl.'s Ex. 1, 2–3, ECF No. 28) ("Pl.'s Ex"). The Commissioner contends 76.05 hours for this case is excessive and suggests a reduction to 55 hours for a total award of $10,890.00 in fees is reasonable.[1] (Resp. 1.) In her reply, Plaintiff agrees to a reduction to $10,890.00 in fees to avoid further litigation. (Pl.'s Reply 9.)

The Commissioner contends that the time Plaintiff expended is excessive because the record was average in size and the legal issues were routine. (Resp. 6.) The Commissioner relies on the analysis of the Honorable Malcolm F. Marsh in *Kelly v. Comm'r Soc. Sec. Admin.*, No. 15-cv-00762-MA, 2016 WL 4941996, at *3 (D. Or. Sept. 15, 2016). In *Kelly*, Judge Marsh

---

[2] The Commissioner does not object to the hourly rate and the court finds that the rates are within the statutory cap provided under the EAJA.

reviewed three years of social security disability cases with similar procedural postures and concluded that the total time expended to review the record and prepare an opening brief ranged from 15 to 40.35 hours. *Id.* at *2–3. Judge Marsh noted that hours expended to prepare opening briefs ranged from 7 hours to 25.75 hours, and the time spent reviewing the administrative record ranged from 8 hours to 14.6 hours. *Id.* In this case, Plaintiff's counsel spent 16.75 hours reviewing the administrative record, 10 hours drafting the opening brief, and 6.8 hours on other services, for a total of 33.55 hours to review the file and prepare the opening brief. (Pl.'s Ex. 1.) As compared to the cases cited in *Kelly*, Plaintiff's requested hours to review the 821-page administrative record, review the file, and write an opening brief are on the high-end, but fall within the range of reasonable. (Resp. 6.) Therefore, the court will not reduce these hours as suggest by the Commissioner.

However, the court agrees with the Commissioner that 42.50 hours expended on the Plaintiff's Replies and Motion to Amend or Correct are excessive given the facts and legal issues presented in this case. (Resp. 6.) In 2018, Plaintiff's counsel expended 42.50 hours to prepare a Reply to the Commissioner's brief, a Rule 59(e) Motion to Amend or Correct, and a Reply to Defendant's Response to the Motion to Amend or Correct. (Pl.'s Ex. 1.) These requested hours exceed the amount of time sought for reviewing the file and preparing the opening brief. (ECF Nos. 19, 22, 25.) Ralph Wilborn spent 19.75 hours drafting the Reply Brief alone, which is more time than he spent preparing the opening brief, despite that the reply brief was shorter and contained no new arguments. (Pl.'s Ex. 1.) S*ee Kenneth A. v. Berryhilll*, No. 3:17-cv-01575-JR, 2019 WL 37613, at *5 (D. Or. Jan. 30, 2019) (where the issues were routine, 18 hours was excessive to draft a Reply); *Compare Young v. Commissioner*, No. 15-cv-01688-MA, 2017 WL

740992, at *3 (D. Or. Feb. 23, 2017) (where the issues were difficult and not routine, 25.5 hours was not excessive to draft a Reply).

Additionally, Plaintiff's Motion to Amend or Correct asserted two arguments, only one of which was meritorious—that the court erroneously stated Plaintiff had appealed her DIB application. Under the circumstances, a simple motion to correct that fact would have sufficed. Thus, Plaintiff's request for 42.50 hours for the Reply and Motion to Amend or Correct was excessive. Here, the legal issues were not complex and are issues routinely raised in standard social security cases, and should require less time for an experienced attorney to effectively research and argue. Moreover, Plaintiff's attorneys are very experienced and appear regularly in this court on social security disability matters. Therefore, the court finds 20 hours for these tasks is reasonable, apportioned as follows: 10 hours for Plaintiff's Reply to the Commissioner's brief, five hours for the Rule 59(e) Motion to Amend or Correct, and five hours for the Reply to Defendant's Response to Motion to Amend or Correct.

Plaintiff's request also includes time for clerical tasks performed by Tim Wilborn in 2017. (Pl.'s Ex. 1.) Notably, the described time is nearly identical to time previously found to be clerical in *Kelly*. *Kelly*, 2016 WL 4941996, at *5. It is well-settled that a district court may reduce an attorney's hours and fees for time spent performing clerical work. *Id.* at *5; *Neil v. Comm'r Soc. Sec. Admin.*, 495 F. App'x 845, 847 (9th Cir. 2012) (affirming reductions for clerical tasks such as preparing and serving summons); *Brandt v. Astrue*, Civ. No. 08–0658–TC, 2009 WL 1727472, at *4 (D. Or. June 16, 2009) (finding attorney time spent drafting and serving summons was non-compensable clerical work). The court finds the following tasks related to service are primarily clerical in nature:

| | | |
|---|---|---|
| 03/29/17 | Review "issued" summons | 0.10 |
| 03/29/17 | Draft letter with documents to effect service | 0.30 |

PAGE 8 – ORDER ON EAJA FEES

| 04/13/17 | Review service return for US Atty | 0.10 |
| 04/17/17 | Review service return for SSA-OGC | 0.10 |
| 04/20/17 | Review service return for DOJ-USAG | 0.10 |
| 04/20/17 | Prepare documents to allege service via ECF | 0.20 |

(Pl.'s Ex. 1.) Accordingly, the court deducts 0.90 hours in 2017 to account for clerical tasks from Plaintiff's fee request; therefore, the court finds 32.65 hours expended for a fee of $6,425.19 in 2017 is reasonable (2017: 32.65 hours (TW: 5.9 + RW: 26.75) x $196.79 = $6,425.19).

In summary, the court finds a total of 52.65 hours expended in 2017 and 2018 is reasonable under the EAJA for this action. Therefore, Plaintiff is entitled to an award of $10,440.79 (32.65 hours in 2017 (TW: 5.9 + RW: 26.75) x $196.79, plus 20 hours in 2018 (TW:7 + RW:13) x $200.78 = $10,440.79).

## CONCLUSION

For the reasons stated above, Plaintiff's Application for Fees Pursuant to EAJA (ECF No. 27), is GRANTED in part and DENIED in part. Plaintiff is awarded $10,440.79 in fees pursuant to the EAJA. Consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010), this EAJA award is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this 12th day of February 2019.

JOHN V. ACOSTA
United States Magistrate Judge